**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jesus CERVANTES–GONZALEZ and Humberto Alfonso Rivero–Toscano, Defendants-Appellants.**

**No. 72–2747.**

United States Court of Appeals, Ninth Circuit.

Jan. 2, 1973.

no inference of any kind may be drawn from the failure of a defendant to testify. Any semantic difference between "may" and "shall" in the context of the standard instruction in such cases could not affect the outcome of a trial, and clearly had no adverse effect upon the appellants in this case. Counsel have expended commendable diligence in going over each of the instructions in a similar search for error, but have pointed to none that could have impaired the defense. The difficulty with the defense lay in the facts, not in the law.

Affirmed.

Manuel H. Garcia, Tucson, Ariz., for defendants-appellants.

William C. Smitherman, U. S. Atty., Ann Bowen, W. Ronald Jennings, Asst. U. S. Attys., Tucson, Ariz., for plaintiff-appellee.

Before TRASK, GOODWIN, and WALLACE, Circuit Judges.

PER CURIAM:

Cervantes-Gonzalez and Rivero-Toscano challenge their respective convictions on four counts of aiding and abetting in the distribution of controlled substances.

The government's evidence was sufficient to prove each of the alleged instances of incriminating conversations, payment, and delivery of the respective narcotics between the defendants and the government agents who testified. The testimony was, for the most part, uncontradicted, and the jury was entitled to believe it.

Appellants contend that the prosecutor made an improper comment on their failure to testify. The record reveals no such comment.

Appellants also seek to fault many of the court's instructions. One such instruction correctly told the jury that no presumption of guilt may be raised and